1  RANDY S. GROSSMAN
   United States Attorney
2  JAMES REDD
   Assistant U.S. Attorney
3  Missouri Bar No. 66172
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101
5  Telephone (619) 546-9661

6  Attorneys for Plaintiff
   United States of America

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,            Case No. _____
                                                    23MJ8212
11            Plaintiff,

12        v.                              **PLEA AGREEMENT**

13  ANGEL EDUARDO JUAREZ,                 (Pre-Indictment
                                           Fast-Track Program)
14            Defendant

15

16       IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

17  through its counsel, Randy S. Grossman, United States Attorney, and

18  James Redd, Assistant United States Attorney, and defendant, ANGEL

19  EDUARDO JUAREZ, with the advice and consent of L. Marcel Stewart and

20  Mariela Barreto, counsel for defendant, as follows:

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

JRE:lml:4/27/23                              Def. Initials AJ

# I

## **THE PLEA**

A.   THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> On or about April 7, 2023, within the Southern District of California, defendant, ANGEL EDUARDO JUAREZ, knowing and in reckless disregard of the fact that an alien, namely, Juan Salgado-Briseno, had come to, entered and remained in the United States in violation of law, did knowingly attempt to transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

B.   EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

In return for the concessions made by the Government herein, defendant agrees further as follows:

1.   Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2.   Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

   a. Any cellular device(s); and

   b. Any vehicle(s).

3.   Upon acceptance of defendant's guilty plea by the District Court, defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

//

2

Def. Initials A J

_____ CR _____

1    C.    FORFEITURE

2    Defendant further agrees to the administrative and/or civil
3    forfeiture of all properties seized in connection with this case which
4    defendant agrees are subject to forfeiture to the United States pursuant
5    to 8 U.S.C. § 1324(b).  Defendant further waives defendant's right to
6    receive timely notice of administrative forfeiture as set forth in 18
7    U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this
8    and all other administrative and civil proceedings.  Defendant waives
9    and disclaims defendant's interest, if any, in the properties to be
10   forfeited as described above.  Defendant further agrees not to contest
11   or to assist any other person or entity in contesting the forfeiture of
12   the property(ies) seized in connection with this case.

13   D.    DISMISSAL OF THE REMAINING COUNTS

14   The Government agrees to (1) move to dismiss the remaining counts
15   without prejudice when defendant is sentenced, and (2) not prosecute
16   defendant thereafter on such dismissed charge(s) unless defendant
17   breaches the plea agreement or the guilty plea entered pursuant to this
18   plea agreement is set aside for any reason. If defendant breaches this
19   agreement or the guilty plea is set aside, Section XII below shall apply.

20   E.    NO PROSECUTION ON THE MANDATORY MINIMUM COUNT

21   In exchange for defendant's guilty plea and provided defendant
22   complies fully with all terms of this plea agreement, the Government
23   agrees not to charge defendant with additional counts in violation of 8
24   U.S.C. § 1324(a)(2)(B)(ii), which carries a mandatory minimum sentence.
25   //
26   //
27   //
28   //

3

Def. Initials _AJ_

_____CR _____

## II

## **NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

      1.   The person specified in the count was an alien.

      2.   The person specified in the count was not lawfully in the United States.

      3.   Defendant knew or acted in reckless disregard of the fact that the person specified in the count was not lawfully in the United States.

      4.   Defendant knowingly attempted to transport or move the person specified in the count in order to help that person remain in the United States illegally.

      5.   Defendant did something that was a substantial step toward committing the crime and that strongly corroborated defendant's intent to commit the crime.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

      1.   Juan Salgado-Briseno was an alien, and not a citizen or national of the United States, who was not lawfully in the United States.

      2.   Defendant knew, or acted in reckless disregard of the fact, that Juan Salgado-Briseno was not lawfully in the United States.

      3.   On April 7, 2023, defendant knowingly attempted to transport or move Juan Salgado-Briseno within the Southern District of California in order to help him remain in the United States illegally. Defendant and the alien were apprehended near Calexico, California.

      4.   Defendant did something that was a substantial step toward committing the crime and that strongly corroborated defendant's intent to commit the crime.

4

Def. Initials AJ
_____ CR _____

Specifically, defendant received instructions from the smuggling coordinator about where to pick up aliens and traveled to that location in Calexico, California where Juan Salgado-Briseno was located to pick up one or more aliens, as instructed.

5. Juan Salgado-Briseno was having others pay on his behalf $8,000.00 to others to be brought into the United States illegally and/or transported or moved illegally to his destination therein.

### III

### PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A. A maximum 5 years in prison;

B. A maximum $250,000.00 fine;

C. A mandatory special assessment of $100.00 per count;

D. Unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count;

E. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

F. Possible ineligibility for certain Federal benefits.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

5

Def. Initials AJ

_____ CR _____

E.    Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.    Not testify or have any adverse inferences drawn from the failure to testify.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY
PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

6

Def. Initials AJ

_____CR _____

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.  No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.  Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the

7

Def. Initials AJ
_____CR _____

1  Government's duty to provide complete and accurate facts to the district
2  court and the U.S. Probation Office.

3                                      IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

5       This plea agreement is made pursuant to Federal Rule of Criminal
6  Procedure 11(c)(1)(B).   The sentence is within the sole discretion of
7  the sentencing judge who may impose the maximum sentence provided by
8  statute.   It is uncertain at this time what defendant's sentence will
9  be.   The Government has not made and will not make any representation
10 as to what sentence defendant will receive.   Any estimate of the probable
11 sentence by defense counsel is not a promise and is **not binding on the**
12 **Court**.   Any recommendation made by the Government at sentencing is also
13 not binding on the Court.   If the sentencing judge does not follow any
14 of the parties' sentencing recommendations, defendant will not withdraw
15 the plea.

16                                      X

### PARTIES' SENTENCING RECOMMENDATIONS

18     A.    SENTENCING GUIDELINE CALCULATIONS

19       Although the Guidelines are only advisory and just one of the
20 factors the court will consider under 18 U.S.C. § 3553(a) in imposing a
21 sentence, the parties will jointly recommend the following Base Offense
22 Level, Specific Offense Characteristics, Adjustments and Departures:

23             1.    Base Offense Level [USSG § 2L1.1(a)(3)]            12
24             2.    Prior Immigration Felony [USSG § 2L1.1(b)(3)]      --*
25             3.    Acceptance of Responsibility [USSG § 3E1.1]        -2/3
26             4.    Departure for Fast Track [USSG § 5K3.1]           -2**
27       **\*There is no agreement regarding defendant's criminal history**
28 **category.   However, if defendant has previously sustained a conviction**

                                        8                    Def. Initials  AJ
                                                        _____CR _____

for a felony immigration and naturalization offense, the parties will recommend a +2 adjustment, pursuant to USSG § 2L1.1(b)(3)(A). If defendant has previously sustained two or more such felony immigration convictions, the parties will recommend a +4 adjustment, pursuant to USSG § 2L1.1(b)(3)(B).

\*\*The Government reserves the right to reduce its recommended fast track departure if defendant does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

//
//

9

Def. Initials AJ
_____CR _____

1       D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

2       The parties have **no** agreement as to defendant's Criminal History

3   Category, except that, if defendant is determined to be a Career

4   Offender, the parties agree that defendant is automatically a Criminal

5   History Category VI pursuant to USSG § 4B1.1(b).

6       E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

7       The facts in the "factual basis" paragraph of this agreement are

8   true and may be considered as "relevant conduct" under USSG § 1B1.3 and

9   as the nature and circumstances of the offense under 18 U.S.C.

10  § 3553(a)(1).

11      F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

12      The Government agrees to recommend that defendant be sentenced to

13  the greater of: the low end of the advisory guideline range as calculated

14  by the Government, 90 days in custody, or the time served in custody at

15  the time of sentencing.

16      G.   SPECIAL ASSESSMENTS AND FINE

17      The parties will jointly recommend that defendant pay a special

18  assessment in the amount of $100.00 per felony count of conviction to

19  be paid forthwith at time of sentencing.

20      In addition, unless the sentencing court finds defendant to be

21  indigent, the parties also will jointly recommend that defendant pay an

22  additional special assessment in the amount of $5,000 per count of

23  qualifying conviction, which shall not be payable until defendant

24  satisfies all outstanding fines, orders of restitution, and any other

25  obligation in this case related to victim-compensation. Special

26  assessments shall be paid through the office of the Clerk of the District

27  Court by bank or cashier's check or money order made payable to the

28  "Clerk, United States District Court."

10

Def. Initials A̲J̲

_____ CR _____

1     The parties will not recommend imposition of a fine due to
2  defendant's limited financial prospects and because the cost of
3  collection, even taking into account the Inmate Responsibility Program,
4  likely would exceed the amounts that could reasonably be expected to be
5  collected.
6     H.   <u>SUPERVISED RELEASE</u>
7     The Government is free to recommend a period of supervised release.
8  If the Court imposes a term of supervised release, defendant will not
9  seek to reduce or terminate early the term of supervised release until
10  defendant has served at least two-thirds of the term of supervised
11  release and has fully paid and satisfied any special assessments, fine,
12  criminal forfeiture judgment and restitution judgment.
13                                    **XI**
14          **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**
15     Defendant waives (gives up) all rights to appeal and to collaterally
16  attack every aspect of the conviction and sentence, including any
17  restitution order.   This waiver includes, but is not limited to, any
18  argument that the statute of conviction or defendant's prosecution is
19  unconstitutional and any argument that the facts of this case do not
20  constitute the crime charged.   The only exceptions are 1) defendant may
21  appeal a custodial sentence above the high end of the guideline range
22  recommended by the Government at sentencing (if USSG § 5G1.1(b) applies,
23  the high end of the range will be the statutorily required mandatory
24  minimum sentence), and 2) defendant may collaterally attack the
25  conviction or sentence on the basis that defendant received ineffective
26  assistance of counsel. If defendant appeals, the Government may support
27  on appeal the sentence or restitution order actually imposed.
28  //

                              11               Def. Initials AJ
                                               _____CR _____

1

## XII

2

## **BREACH OF THE PLEA AGREEMENT**

3       Defendant and defendant's attorney know the terms of this agreement

4  and shall raise, before the sentencing hearing is complete, any claim

5  that the Government has not complied with this agreement. Otherwise,

6  such claims shall be deemed waived (that is, deliberately not raised

7  despite awareness that the claim could be raised), cannot later be made

8  to any court, and if later made to a court, shall constitute a breach

9  of this agreement.

10      Defendant breaches this agreement if defendant violates or fails

11  to perform any obligation under this agreement. The following are non-

12  exhaustive examples of acts constituting a breach:

13      A.   Failing to plead guilty pursuant to this agreement;

14      B.   Failing to fully accept responsibility as established in
             Section X, paragraph B, above;

15

16      C.   Failing to appear in court;

17      D.   Attempting to withdraw the plea;

18      E.   Failing to abide by any court order related to this case;

19      F.   Appealing (which occurs if a notice of appeal is filed) or
             collaterally attacking the conviction or sentence in violation
             of Section XI of this plea agreement; or

20

21      G.   Engaging in additional criminal conduct from the time of
             arrest until the time of sentencing.

22      If defendant breaches this plea agreement, defendant will not be

23  able to enforce any provisions, and the Government will be relieved of

24  all its obligations under this plea agreement. For example, the

25  Government may proceed to sentencing but recommend a different sentence

26  than what it agreed to recommend above. Or the Government may pursue any

27  charges including those that were dismissed, promised to be dismissed,

28  or not filed as a result of this agreement (defendant agrees that any

                                12            Def. Initials ___AJ___
                                          _____CR _____

statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

13

Def. Initials AJ

_____  CR  _____

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//

14

Def. Initials AJ

_____ CR _____

1

XV

2

DEFENDANT SATISFIED WITH COUNSEL

3      Defendant has consulted with counsel and is satisfied with

4   counsel's representation. This is defendant's independent opinion, and

5   defendant's counsel did not advise defendant about what to say in this

6   regard.

7

8                              Respectfully submitted,

9                              RANDY S. GROSSMAN
                               United States Attorney

10   5/5/2023

11   _____    _____
     DATED                     JAMES KEDD

12                             Assistant U.S. Attorney

13   5-3-2023

14   _____    _____
     DATED                     L. MARCEL STEWART

15                             MARIELA BARRETO
                               Defense Counsel

16

17   IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
     PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE

18   ARE TRUE.

19   8/03/23

20   _____    _____
     DATED                     ANGEL EDUARDO JUAREZ
                               Defendant

21

22   Approved by:

23   s/Charlotte E. Kaiser

24   _____
     CHARLOTTE E. KAISER
     Assistant U.S. Attorney

25   3/13/2023 cek

26

27

28

                              15               Def. Initials AJ
                                               _____
                                                   CR